UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL MUTAMBO KALEMBO,

               Plaintiff,

     v.

WASHINGTON YOUTH SOCCER,
NORTHSHORE YOUTH SOCCER
ASSOCIATION, and JOHN/JANE DOES
1-10,

               Defendants.

CASE NO. 2:25-cv-00169-RAJ-BAT

**ORDER GRANTING
DEFENDANTS' UNOPPOSED
MOTIONS TO COMPEL
DISCOVERY (DKTS. 28, 30) AND
ORDER TO SHOW CAUSE
REGARDING ATTORNEY'S FEES
AND COSTS**

In separately filed motions, defendants Northshore Youth Soccer Association ("NYSA")

and Washington State Youth Soccer Association ("WYSA") move to compel discovery from *pro*

*se* plaintiff Gabriel Kalembo, as well as for reasonable attorney's fees and costs incurred in

bringing their motions. **Dkts. 28, 30.** Plaintiff has not responded to either motion. As set forth

below, the Court **GRANTS** defendants' motions to compel **ORDERS** plaintiff to respond fully

to defendants' discovery requests by **June 11, 2026**. Dkts. 28, 30. The Court also **ORDERS**

plaintiff to show cause by **June 4, 2026**, why he should not be ordered to pay the defendants'

attorney's fees and costs for bringing their motions. Plaintiff's failure to respond to the order to

show cause may constitute an admission that his nondisclosure, response, or objection was not

ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTIONS TO COMPEL
DISCOVERY (DKTS. 28, 30) AND ORDER
TO SHOW CAUSE REGARDING
ATTORNEY'S FEES AND COSTS - 1

substantially justified and that no other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii).

**1.      NYSA's Motion to Compel (Dkt. 28)**

Defendant NYSA moves to compel Mr. Kalembo to respond to NYSA's interrogatories and requests for production, and to supplement his witness disclosures as required by Fed. R. Civ. P. 26(e). Dkt. 28. Moreover, NYSA seeks attorney's fees and costs for bringing the motion to compel in accordance with Federal Rule of Civil Procedure 37(a)(5)(A). NYSA's counsel has certified that he conferred with Mr. Kalembo by telephone regarding the issues in dispute on April 23, 2026, but the parties were unable to resolve the discovery dispute on their own. Dkt. 28, at 1; *see* Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1). Moreover, Mr. Kalembo has filed no opposition to NYSA's motion to compel.

Under Fed. R. Civ. P. 37(a), "a party may move for an order compelling disclosure or discovery," where the other party fails to make a disclosure required by Rule 26(a), fails to answer an interrogatory submitted under Rule 33, or fails to produce documents as requested under Rule 34. "If the motion is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The Court finds that NYSA has demonstrated the plaintiff has refused to respond substantively to NYSA's interrogatories and requests for production since receiving them in July 2025, and despite conferral with NYSA's counsel prior to filing this motion. Plaintiff has also stated more than once that he has many witnesses he intends to call at trial but has otherwise

ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTIONS TO COMPEL
DISCOVERY (DKTS. 28, 30) AND ORDER
TO SHOW CAUSE REGARDING
ATTORNEY'S FEES AND COSTS - 2

failed to amend his witness disclosures as required by Federal Rule 26(e). The discovery deadline is June 15, 2026, and plaintiff's refusal to participate in discovery has created unfair prejudice to defendants in completing discovery and preparing for trial.

The Court **GRANTS** NYSA's motion to compel and **ORDERS** plaintiff to respond fully to NYSA's discovery requests by **June 11, 2026**, and amend his witness disclosures as required by rule. Moreover, as noted below, plaintiff must show cause by **June 4, 2026**, why he should not be ordered to pay the NYSA's attorney's fees and costs for bringing the motion to compel.

**2.      WYSA's Motion to Compel (Dkt. 30)**

Defendant WYSA moves to compel Mr. Kalembo to provide complete responses to Defendant's First Set of Interrogatories, First Set of Requests for Production of Documents, and production of all responsive documents pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Civil Rule 37. WYSA also requests an order deeming admitted Defendant's First Set of Requests for Admission pursuant to Federal Rule of Civil Procedure 36(a)(3). Moreover, WYSA seeks attorney's fees and costs for bringing the motion to compel in accordance with Federal Rule of Civil Procedure 37(a)(5)(A). WYSA has certified that counsel conferred with plaintiff regarding the issues in dispute from December 2025 through March 2026, and that plaintiff would not respond to counsel's repeated attempts to resolve the issues informally. Dkt. 30, at 1, 3–4; *see* Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1). Plaintiff has filed no opposition to WYSA's motion to compel.

The Court finds that plaintiff has refused to respond to WYSA's reasonable discovery requests despite WYSA's attempts to resolve any discovery disputes. The Court **GRANTS** WYSA's motion to compel and **ORDERS**:

ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTIONS TO COMPEL
DISCOVERY (DKTS. 28, 30) AND ORDER
TO SHOW CAUSE REGARDING
ATTORNEY'S FEES AND COSTS - 3

(a) Plaintiff shall provide complete, verified responses to WYSA's First Set of Interrogatories by **June 11, 2026**;

(b) Plaintiff shall provide complete responses and produce all responsive documents to WYSA's First Set of Requests for Production of Documents by **June 11, 2026**; and

(c) The matters set forth in WYSA's First Set of Requests for Admission are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).

Moreover, as noted below, plaintiff must show cause by **June 4, 2026**, why he should not be ordered to pay the NYSA's attorney's fees and costs for bringing the motion to compel.

**3.      Order to Show Cause Regarding Attorney's Fees and Costs**

Having granted defendants' unopposed motions to compel, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court therefore **ORDERS** plaintiff to show cause by **June 4, 2026**, why he should not be ordered to pay the defendants' attorney's fees and costs for bringing their motions to compel. *Id.*

DATED this 28th day of May, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTIONS TO COMPEL
DISCOVERY (DKTS. 28, 30) AND ORDER
TO SHOW CAUSE REGARDING
ATTORNEY'S FEES AND COSTS - 4